UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARSHALL HILL, LLC; and THE LOFTS, LLC; | ) ) ) |
| Plaintiffs; | ) ) ) |
| v. | ) No.: 3:24-CV-292-KAC-DCP ) ) |
| COMPASS VENTURES, LLC; | ) ) |
| Defendant. | ) |

## ORDER DISMISSING PLAINTIFFS' CLAIMS

Because Plaintiffs Marshall Hill, LLC and The Lofts, LLC failed to comply with this Court's orders [Docs. 15, 19], the Court dismisses Plaintiffs' claims against Defendant Compass Ventures, LLC. On July 3, 2024, Plaintiffs filed this action against (1) James Connor; (2) Austin Williams; and (3) Compass Ventures, LLC [Doc. 1]. On September 3, Defendant Compass Ventures filed an Answer and Counterclaim [Doc. 13].

On November 5, the Court ordered the Parties "to confer and submit the required Rule 26(f) report [to the Court] on or before November 19, 2024 [Doc. 15]. Thereafter, the Court dismissed Defendants Conner and Williams [Doc. 17 at 5]. On November 19, 2024, Defendant Compass Ventures filed a proposed Rule 26(f) report and discovery plan [Doc. 18], indicating that Defendant's counsel "attempted several times to confer" with Plaintiffs' counsel "to develop a discovery plan" but Plaintiffs' counsel did not respond to those attempts [*See* Doc. 18 at 1]. Plaintiffs made no submission by the November 19 deadline.

Thus, on November 26, the Court ordered Plaintiffs to "show cause on or before December 10 why the Court should not dismiss Plaintiffs' claims against Defendant [Compass Ventures] under Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's November 5 Order" [Doc. 19 at 1 (citations omitted)]. The Court explicitly warned Plaintiffs that "[f]ailure to timely respond will result in the involuntary dismissal of Plaintiffs['] claims against Defendant under Rule 41(b) for failure to prosecute or comply with a court order" [*See id.* at 1-2 (citations omitted)]. Nonetheless, Plaintiffs have not responded, and the deadline to do so has passed.

Under Rule 41(b), the Court may dismiss an action where a plaintiff fails to prosecute or fails to comply with a court order. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court"). The Court, too, has an obligation to ensure that cases do not languish on its docket. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962). As such, Rule 41(b) "is available to the district court as a tool to effect management of its docket and" to avoid "unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and quotation marks omitted). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

On this record, the Court is compelled to dismiss Plaintiffs' claims against Defendant Compass Ventures with prejudice. Plaintiffs, who are represented by counsel, failed to comply with this Court's November 5 and November 26 orders [*See* Docs. 15, 19]. And Plaintiffs have not diligently prosecuted this action. Defendant Compass Ventures has been prejudiced by Plaintiffs' conduct because Defendant cannot defend itself in this action, and it has not been able to prosecute its own counterclaim. The Court's November 26 Order expressly warned Plaintiffs that "[f]ailure to timely respond will result in the involuntary dismissal" of their claims against Defendant Compass Ventures [*See* Doc. 19 at 1]. Given Plaintiffs' failure to comply with two of the Court's orders and general unresponsiveness with opposing counsel, a less drastic sanction is not appropriate. *See Link*, 370 U.S. at 633-34 (affirming the *sua sponte* dismissal of a complaint where plaintiff's counsel had a history of delay in the case). This case cannot proceed forward in an orderly fashion due to Plaintiffs' conduct.

Accordingly, the Court **DISMISSES** Plaintiffs' claims against Defendant Compass Ventures, LLC with prejudice under Federal Rule of Civil Procedure 41(b). By **December 31, 2024**, Defendant Compass Ventures, LLC **SHALL** filed a Notice indicating (1) whether it desires to prosecute its counterclaim against Plaintiffs, and (2) if so, how Defendant plans to pursue its counterclaim in Plaintiffs' absence. The Court will view any failure to comply with this Order as a failure to prosecute Defendant's counterclaim, which will result in involuntary dismissal under Rule 41(b).

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge